UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD MEYERS                                          CIVIL ACTION

VERSUS                                                 NO: 14-2436

LOUISIANA HEALTH SERVICES AND                          SECTION: J(5)
INDEMNITY CO., ET AL

### ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 15)** filed by Plaintiff, Ronald Meyers ("Plaintiff"), as well as an *Opposition* **(Rec. Doc. 16)** by Defendant, Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("Defendant"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, as an employee of Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), is a beneficiary of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("the Plan"). The parties do not dispute that this Plan is a self-funded employee welfare plan governed by the Employee Retirement Income Security Act ("ERISA"). Plaintiff alleges that on July 30, 2011, he suffered injuries as a result of a work-related accident for which he subsequently filed a Louisiana workers' compensation claim against Wal-Mart on January 19, 2012.

1

Wal-Mart initially denied the claim, arguing that Plaintiff's injuries were not the result of a work-related accident, but rather resulted from pre-existing conditions. During the time in which Plaintiff's workers' compensation claim was pending, the Plan paid $110,856.16 to cover Plaintiff's medical treatment for injuries allegedly arising from the accident. Ultimately, in January 2013, Plaintiff and Wal-Mart entered into a settlement agreement in which Wal-Mart agreed to reimburse the Plan[1] the $110,856.16 which the Plan had already paid to cover Plaintiff's medical expenses. Plaintiff claims that after this payment was made, the Plan recouped the payments it had already made to cover Plaintiff's medical treatment. As such, Plaintiff alleges that the Plan was reimbursed for payments it effectively never made, and Plaintiff began receiving bills directly from his medical providers for services which he had understood had already been paid for by the Plan.

Plaintiff then filed the present lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana on September 11, 2014. Plaintiff first named Wal-Mart as a defendant, requesting the Court to find Wal-Mart liable for breach of the workers' compensation settlement agreement as Wal-Mart "did not reimburse

---

[1] The parties dispute the entity to which this payment was actually made, and who had control over the payments made from the Plan. While the Defendants assert that this entity is the Plan itself, Plaintiff claims that the liable entity who administered and accepted these payments is actually Blue Cross Blue Shield of Louisiana, Inc. ("BCBSLA"). For the sake of simplicity, the Court will refer to this entity as the Plan.

the healthcare insurer as it was required to do pursuant to the settlement agreement." (Rec. Doc. 1-2, p. 4).[2] In the event that Wal-Mart is not found liable, Plaintiff also named BCBSLA as a defendant, claiming that BCBSLA violated La. R.S. 23:1205(c) by recouping payments made to Plaintiff's medical providers after being reimbursed by Wal-Mart, and thus receiving an unjust enrichment. La. R.S. 23:1205(c) specifically provides in relevant part:

> In the event that the workers' compensation payor has denied that the employee's injury is compensable under this Chapter, then any health insurer which contracts to provide health care benefits for an employee shall be responsible for the payment of all medical benefits pursuant to the terms of the health insurer's policy. Any health insurer which contracts to provide health care benefits for an employee who violates the provisions of this Subsection shall be liable to the employee or health care provider for reasonable attorney fees and costs related to the dispute and to the employee for any health benefits payable.

LA. REV. STAT. ANN. § 1205(c)(1) (2004).

Defendant removed the lawsuit to this Court on October 23, 2014, asserting that federal jurisdiction existed over the matter on two separate bases. First, Defendant contends that ERISA completely preempted Plaintiff's state law claims, and that Plaintiff's complaint thus posed a federal question, which this Court has jurisdiction to hear. Additionally, Defendant asserts

---

[2] Plaintiff does not address its claims against Wal-Mart in the present motion and instead relies solely on its claim that BCBSLA unlawfully recouped its payments after receiving reimbursement from Wal-Mart.

3

that the Court has diversity jurisdiction to hear this matter. Specifically, Defendant argues that BCBSLA was improperly named as a defendant in this matter, because the Plan's Administrative Committee had full discretion to interpret the Plan's terms and determine whether payment of benefits was appropriate, whereas BCBSLA acted in a "purely ministerial capacity" with no such discretion. Defendant argues that as such, BCBSLA's citizenship may be ignored for purposes of jurisdiction, and because Defendant is a citizen of Arkansas while Plaintiff is a citizen of Louisiana, diversity jurisdiction exists over this matter pursuant to 28 U.S.C.A. § 1332(a).

Plaintiff then filed the instant motion, requesting that the Court remand the matter back to state court on the basis that it lacks jurisdiction. Plaintiff specifically argues that because this matter does not question Plaintiff's rights under the Plan or the application of its terms, and rather only addresses BCBSLA's conduct in accepting reimbursement for payments it then recouped, the lawsuit is not preempted by ERISA. Additionally, Plaintiff asserts that BCBSLA was properly named as a defendant and that BCBSLA's Louisiana citizenship effectively defeats diversity jurisdiction.

**LEGAL STANDARD AND DISCUSSION**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the

4

action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Ambiguities are construed against removal and in favor of remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

The parties first dispute whether the Court has jurisdiction over the matter pursuant to ERISA. Federal courts have original jurisdiction over cases which pose a "federal question," by "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (1980). Courts consider whether a case poses a federal question pursuant to the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-113 (1936)). However, a significant exception exists to the "well pleaded complaint rule," known as the "complete pre-emption doctrine," which provides that "once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393 (citing *Franchise Tax Bd. of State of Cal. v. Constr.*

5

*Laborers Vacation Trust Fund for So. Cal.*, 463 U.S. 1, 23-24 (1983)).

Because the stated purpose of ERISA is to "provide a uniform regulatory regime over employee benefit plans," it includes substantial preemption provisions to "ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citing *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981) (internal quotations omitted)). Specifically, § 502(a) of ERISA is intended to completely preempt any state law which supplements, duplicates, or contradicts provisions of ERISA governing civil enforcement remedies. *Davila*, 542 U.S. at 209. As such, ERISA's civil enforcement provision "completely preempts any state cause of action seeking the same relief, regardless of how artfully pled as a state action." *Copling v. Container Store, Inc.*, 174 F.3d 590, 594 (5th Cir. 1999), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003). It logically follows that if a party removes a matter to federal district court on the basis of ERISA's preemption provisions, and the plaintiff moves to remand, "all the defendant has to do is demonstrate a substantial federal claim, e.g., one completely preempted by ERISA, and the court may not remand." *Copling*, 174 F.3d at 594.

In determining whether ERISA preempts a Plaintiff's state law claim, this Court has previously recognized that "if an individual,

6

at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 1132(a)(1)(B)." *Yong Ok Sankey v. Metro. Life Ins. Co.*, No. 12-1135, 2012 WL 2338964, at *3 (E.D. La. June 19, 2012) (Barbier, J.) (quoting *Davila*, 542 U.S. at 210). Therefore, in order to determine whether Plaintiff's claims are completely preempted by ERISA and properly before this Court, the Court must determine whether the claims fall within the scope of ERISA § 502(a)(1).  § 502(a) provides, in pertinent part:

> A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C.A. § 1132 (2014). The parties do not dispute that the Plan is an employee benefits plan governed by ERISA. However, Plaintiff contends that its claims pursuant to Louisiana law, namely its claim that BCBSLA violated La. R.S. 23:1205(c), are not preempted by § 502(a). Plaintiff maintains that this claim solely addresses BCBSLA's act in accepting reimbursement money for payments it failed to make, and does not require an analysis of the terms of the Plan or Plaintiff's rights under the Plan. Because the sole issue at hand is BCBSLA's conduct, rather than the terms or provisions of the plan, Plaintiff argues that a finding that its

claims are completed preempted by § 502 would be improper. Defendant, in response, disagrees with Plaintiff's contention that its claim does not implicate the terms of the Plan. Instead, Defendant submits that despite the fact that Plaintiff labeled his claim as a state-law issue, he is seeking only to recover benefits and enforce his rights under the Plan. Defendant further contends that the duties imposed by La. R.S. 23:1205(c) are derived entirely from the rights and obligations imposed by the Plan's terms. Because Plaintiff's claim is directly intertwined with the terms and rights provided by the Plan, Defendant asserts that removal is proper on the basis of § 502(a).

Neither this Court nor the Fifth Circuit have previously addressed the issue of whether a claim brought pursuant to La. R.S. 23:1205(c) may be preempted by ERISA for purposes of federal jurisdiction. However, the Fifth Circuit has recognized that a claim regarding reimbursement of payments made from an ERISA plan brought pursuant to a Louisiana statute is completely preempted by § 502. *See Arana*, 338 F.3d at 437-39. In *Arana*, similarly to the present factual circumstances, the plaintiff's employee benefits health insurance plan governed by ERISA originally made payments to cover medical expenses incurred by the plaintiff. *Id.* at 435. However, upon determining that the plaintiff had not satisfied the requisite procedures to earn these payments, the plan sought reimbursement by the plaintiff for those benefits it had already

paid. *Id.* The plaintiff then filed a lawsuit against the plan seeking declaratory judgment pursuant to La. R.S. § 22:663 holding that the Plan was barred from seeking reimbursement from the plaintiff for payments already made.[3] *Id.* at 435-36. Despite the plaintiff's argument that federal jurisdiction did not exist over the matter because he sought relief under Louisiana law, as opposed to under the terms of his ERISA plan, the Court found that Plaintiff's claim was effectively a claim seeking benefits pursuant to the terms of his plan and was completely preempted by § 502(a). *Id.* at 438. Additionally, the Court recognized that preemption was proper even though the plaintiff's ERISA claim was required to be read in conjunction with state law. *Id.* (citing *Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 860-62 (7th Cir. 1997)).

Here, like the plaintiff in *Arana*, Plaintiff asserts that preemption is not appropriate as his "claim stems from Louisiana state law statutory duties and not from ERISA." (Rec. Doc. 15-1, p. 9). While Plaintiff alleges that he is merely seeking to have

---

[3] La. R.S. § 22:994, formerly La. R.S. § 22:663, provides in pertinent part:

> [N]o group policy of accident, health or hospitalization insurance, or of any group combination fo these coverages, shall be issued by any insurer doing business in this state which by the terms of such policy group contract excludes or reduces the payments to or on behalf of an insured by reason of the fact that benefits have been paid under any other individually underwritten contract or plan of insurance for the same claim determination period.

LA. REV. STAT. ANN. § 22:994 (2009).

BCBSLA return the money it has allegedly recouped, the Court finds that what Plaintiff is actually requesting is payment of the benefits to which he claims to be entitled pursuant to the Plan. This claim is analogous to the plaintiff's claim in *Arana*, in which the Court found that "although the benefits have already been paid [to plaintiff by the ERISA plan], Arana has not fully 'recovered' them because he has not obtained the benefits free and clear of OHP's claims." *Arana*, 338 F.3d at 438. Here, while Plaintiff originally received benefit payments from the Plan, he also did not receive these payments "free and clear," because the Plan allegedly subsequently recouped these benefits, leaving Plaintiff to make the payments for his medical services. In light of this, despite the fact that Plaintiff "artfully pled" his claim as based solely on Louisiana law, the Court concludes this claim is essentially a claim "to recover benefits due to him under the terms of his plan" within the scope of § 502(a). As such, Plaintiff's state law claim is completely preempted by ERISA, granting the Court federal question jurisdiction over the current matter, and making removal at this stage in the proceedings proper.

Because the Court determines it has jurisdiction over the present matter, on the basis that ERISA preempts Plaintiff's state law claim for violation of La. R.S. 23:1205(c), it is unnecessary to determine whether BCBSLA was properly named as a defendant for purposes of diversity jurisdiction.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Remand* **(Rec. Doc. 15)** is **DENIED.**

New Orleans, Louisiana this 4th day of December, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE